Gaston, Judge.
 

 There is a clerical mistake in the transcript, which perverts the meaning of the instruction given on the trial. The defendant offered a set-off against the plaintiff’s demand, the amount of sundry judgments which had ,been paid off for the plaintiff by the defendant’s testator, as his surety. The plaintiff repelled this set-off by virtue of a bequest in the testator’s will in these words: “ I give and bequeath to my son Burch Cheshire my little pocket-hook, and all the papers in it;” and by testimony*
 
 *256
 
 that after the death of the testator, defendant showed the pocket-book, and said that the book and its contents were the only legacy left to the plaintiff'; and called over the papers, which consisted of the judgments so paid off. His Honor is represented in the transcript as having instructed the jury, upon this evidence, not to- allow this set-off: that the contents of the pocket-book passed under the will to the plaintiff, either as a donation or by extinguishment: that in
 
 either case,
 
 no assent by the executor was necessary : and that in the
 
 former,
 
 the assent might be inferred from what had been shown, and from the conduct of the executor; as there was no allegation of a deficiency of assets. It is manifest
 
 from
 
 the context that the actual instruction was, that in the
 
 latter
 
 case, (that is to say, operating by extinguishment,) no assent was necessary: and that in the
 
 former
 
 case, (as a donation) it was inferable from the evidence.
 

 Thus understanding the instruction, we, nevertheless, are of opinion, that it is erroneous. Without entering into an examination of the conflicting
 
 dicta
 
 on the point, we deem it sufficient to state, that we adopt the conclusion laid down in Williams on Executors, as being most in accordance with principle, and best sustained by authority. “ If the testator, by will, forgive a debt due from a particular person, it is the better opinion, that the assent of the executor is necessary to give effect to the testator’s intention ; for .although on the one hand, it may be alleged that the party- to-whom the debt is bequeathed, must necessarily have it by way of retainer, and that such a clause operates rather as an extinguishment than as a donation; and, therefore, that it needs no
 
 such
 
 assent as where there is to be a transfer of the property; yet on the other hand, a debt so forgiven, is regarded, with great reason, in the light of a legacy, and like other legacies, not to be sanctioned by the executor, in case the estate be insufficient for the payment of debts : but as soon as the executor assents, and
 
 not before,
 
 it shall be effectually discharged.” Williams on Executors, 844. Whether the executor did or did not assent to the legacy in this case, was a question of fact. The evidence given was pertinent
 
 *257
 
 and relevant to the establishment of the fact, but by no means such as to warrant a direction to the jury that if believed, it established the fact. The law, indeed, has prescribed no specific form in which the assent must be given, and the assent may be legitimately implied, as well as expressly proved. It is but reasonable, however, that the acts or expressions relied on as indicative of assent, should be unambiguous. The'effect of those set forth in the^transcript, might be different according to the length of time which,, when they were done or used, had elapsed after the death of the testator, and many other circumstances which do not appear in the case. But they do not,,
 
 in law,
 
 infer an assent; and it was for the jury to say,, whether they proved such assent in fact. The judgment must be reversed and a new trial awarded.
 

 'Per Curiam. Judgment reversed*